2003 ME 26

**Matthew LEWIS**

v.

**Sarah LEWIS.**

Supreme Judicial Court of Maine.

Argued: Jan. 16, 2003.

Decided: March 4, 2003.

Dana E. Prescott, Esq. (orally), Prescott Lemoine Jamieson & Nelson, LLC, Saco, for plaintiff.

Michael J. Donlan, Esq. (orally), Verrill & Dana, LLP, Kennebunk, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Matthew Lewis appeals from a judgment entered in the District Court (York, *Wheeler, J.*) awarding $6000 in attorney fees to Sarah Lewis. The court found Matthew in contempt for failing or refusing to abide by the spousal support and transfer of property provisions of the parties' divorce judgment. Matthew does not challenge the finding of contempt, but he appeals the award of attorney fees, contending that there was insufficient evidence to warrant an award of fees as a remedial sanction for contempt under M.R. Civ. P. 66(d)(3) and that the fee award was excessive. Because we conclude that the trial court had authority under both M.R. Civ. P. 66(d)(3)(C)[1] and 19–A M.R.S.A. § 2102 (1998)[2] to order attorney fees for prosecution of the motion and because the court did not exceed its discretion in determining the amount of the fees, we affirm the judgment.

## I. BACKGROUND AND PROCEDURE

[¶ 2] The parties were divorced in 2000, and shortly thereafter Sarah brought a motion for contempt pursuant to M.R. Civ. P. 66(d), alleging that Matthew had failed to pay spousal support as ordered and that he had violated certain property provisions of the divorce judgment. The matter, however, was stayed for a time pursuant to the automatic stay provision of federal bankruptcy law, 11 U.S.C.A. § 362(a) (1993 and Pamph.2002), because Matthew filed a petition in bankruptcy. In late 2001, the Bankruptcy Court granted Sarah relief from the automatic stay in order to prosecute the contempt motion. Sarah amended her motion, and, after a hearing, the court issued findings and entered an order finding Matthew in contempt.

[¶ 3] The court further instructed Sarah's attorney to submit an affidavit and a proposed order regarding attorney fees for the prosecution of the contempt motion. Counsel for Sarah filed an affidavit detailing his work on the motion, showing a total of 38.6 hours at rates from $160 to $175 per hour as well as time and charges for an associate and a paralegal at his law firm. The total amount of fees requested was $8087.75. Matthew filed an objection, and, on August 14, 2002, the court entered an order for attorney fees in the amount of $6000.

[¶ 4] Two days later Matthew filed a motion for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(a) and (b), specifically requesting the court to state the factual basis for the award of fees. The court denied the motion on August 23, and on September 13, Matthew filed a notice of appeal from the August 23 denial of findings and the August 14 award of fees.

## II. TIMELINESS OF APPEAL

◼ [¶ 5] Sarah requests that we dismiss Matthew's appeal as untimely. Appeals must be filed within twenty-one days of the entry of the order or judgment

---

1. Rule 66(d)(3)(C) states that in addition to coercive imprisonment or a coercive fine, "if loss or injury to a party in an action or proceeding has been caused by the contempt, the court may enter judgment in favor of the person aggrieved for a sum of money sufficient to indemnify the aggrieved party and to satisfy the costs and disbursements, including reasonable attorney's fees, of the aggrieved party."

2. Title 19–A M.R.S.A. § 2102 reads in pertinent part: "The obligee's right of support includes an independent right to seek appropriate attorney's fees for handling the action."

appealed from. M.R.App. P. 2(b)(3). Matthew's appeal of the order denying his Rule 52 request for findings is timely, as it was filed within twenty-one days of the August 23 entry of the denial. Matthew's appeal of the attorney fee award, however, which was filed thirty days after the August 14 entry of the attorney fee order, is not timely unless his Rule 52 request stopped the running of the appeal period.

The running of the time for appeal is terminated by a motion made pursuant to any of the following rules and filed within the time required for filing the motion, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of an order making findings of fact or conclusions of law as requested under M.R. Civ. P. 52(a), ... or granting or denying: ... a motion under M.R. Civ. P. 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted ....

M.R.App. P. 2(b)(3).

[¶ 6] Sarah argues that Matthew's Rule 52 motion did not stop the running of the appeal period because the motion was improper. It was improper, she contends, for the reason that Matthew was not entitled to findings because Rule 52(a) states that findings are unnecessary on decisions of motions, and in any event, the rule limits the obligation of a District Court judge to make findings only when there has been an electronic recording of a hearing.[3]

[¶ 7] Here the court made findings after the contempt hearing reciting the stipulation of the parties regarding payments and detailing Matthew's financial situation. The court also described Matthew's actions as to the property and set forth the steps he was required to take to avoid sanctions of fines and incarceration. No express findings on attorney fees were made by the court, but it instructed Sarah's attorney to file a fee affidavit for expenses incurred in prosecuting the motion. No additional evidentiary hearing was held on the attorney fees. Matthew did not request findings until after the court had issued its order awarding fees to Sarah. He specifically requested that the court set forth the factual basis for the award of fees.

[¶ 8] Sarah is correct that Rule 52(a) does not require a trial court to make findings of fact regarding the amount of attorney fees when it determined in an earlier hearing that attorney fees would be awarded and reserved only the issue of the amount. Matthew argues that because attorney fees were awarded as a contempt sanction, Rule 66(d) required the court to issue findings and Rule 52(a) was an appropriate vehicle to bring to the court's attention its responsibility under Rule 66(d) to issue findings. The court made findings detailing Matthew's contemptuous behavior, and Rule 66(d)(3)(C) does not require findings concerning the amount of attorney fees awarded as a sanction. Furthermore, as set forth below, the court's authority to award fees was not limited to Rule 66(d)(3)(C). Thus, neither rule, separately or in combination, required the requested findings.

---

3. M.R. Civ. P. 52(a), in pertinent part, reads: In all actions tried upon the facts ... if an electronic recording was made in the District Court, the District Court judge, shall, upon the request of a party made as a motion within 5 days after notice of the decision, ... find the facts specially and state separately its conclusions of law thereon .... Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 and 56 or any other motion except as provided in Rule 50(d).

[¶ 9] The lack of a requirement in Rule 52(a) or Rule 66(d)(3) for a court to make findings in this situation does not mean that a litigant cannot request such findings or that a court is prohibited from making them. We interpret M.R.App. P. 2(b)(3) to stay the time for filing an appeal, when a party timely moves for findings under Rule 52(a), until such time as the court makes the findings or denies the motion. The interpretation urged by Sarah would condition the stay on a later finding that the motion was proper, which would have the effect of requiring careful litigants to also file a notice of appeal while waiting for the court to act on the Rule 52(a) request in order to preserve the right to appeal. We conclude that Matthew's appeal of the fee award was timely.

### III. ATTORNEY FEE AWARD

■ [¶ 10] We review the award of attorney fees in a divorce and post-divorce enforcement matter for an abuse of discretion. *Dargie v. Dargie,* 2001 ME 127, ¶ 30, 778 A.2d 353, 360; *Largay v. Largay,* 2000 ME 108, ¶ 16, 752 A.2d 194, 198.

[¶ 11] Matthew contends that the court should not have ordered attorney fees as a remedial sanction under the contempt rule, M.R. Civ. P. 66(d)(3), and he argues that the amount awarded was excessive. He relies on the following language in Rule 66(d)(3)(C): "[I]f loss or injury to a party in an action or proceeding has been caused by the contempt, the court may enter judgment in favor of the person aggrieved ... including reasonable attorney's fees, of the aggrieved party." Matthew contends that because there was no showing that Sarah had paid or was obligated to pay her attorney, she failed to meet her burden of demonstrating that she had suffered a loss.

[¶ 12] We do not read Rule 66(d)(3)(C) so narrowly. The words "loss or injury" refer to any loss or injury suffered by the moving party at the hands of the contemnor. The court found that Sarah had not been paid the spousal support that she was entitled to and that Matthew had intentionally deprived Sarah of her property when he destroyed and removed various items of her property. Matthew's actions, for which he was found in contempt, caused a loss to Sarah. In this situation, the rule authorizes attorney fees for the aggrieved party without an express showing by the aggrieved party of her obligation to pay such fees.

[¶ 13] Furthermore, the court was not limited to the authority of Rule 66(d)(3)(C) to award fees. The contempt motion was a means of enforcing the spousal support order, and attorney fees are specifically authorized in enforcement actions. According to 19–A M.R.S.A. § 952(4) (1998), spousal support orders may be enforced pursuant to 19–A M.R.S.A. § 2102, and section 2102 authorizes attorney fees for handling the enforcement action.

[¶ 14] With regard to the amount of the fees, the court was obviously concerned that the requested amount was for a higher amount than was warranted because the court awarded a significantly lower figure. Not only did the court have before it the detailed affidavit of time and charges and Matthew's objection, but it also was able to review the entire file and had presided at the contempt hearing. There is nothing in this record to indicate that the court abused its discretion in setting the amount of fees.

The entry is:

Judgment affirmed. Remanded to the District Court to assess attorney fees on appeal.